

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 2 2010

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES TATE                                                                          PLAINTIFF

VS.                            NO. 3:10CV00296-BSM

QUAD/GRAPHICS, INC., QUEBECOR
JONESBORO, INC. QUEBERCOR WORLD(RAI), Inc.,
CHARLIE KRATTS and
All of its Successors, Acquisitions and Subsidiaries                  DEFENDANTS

## COMPLAINT

Comes the Plaintiff, by and through counsel, Harrill & Sutter, P.L.L.C., and for his Complaint, states:

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

### PARTIES AND JURISDICTION

Plaintiff is a resident and citizen of Paragould, Arkansas, who has worked for the Defendant QUEBECOR JONESBORO, INC. and QUEBECOR WORLD(RAI), Inc. at its principal place in Arkansas. Charles Kratts is sued only for retaliation under the ACRA in his individual capacity. QUAD/GRAPHICS, INC., continued the business of Quebecor and is sued as a successor employer to Quebecor. All corporate parties are collectively referred to as Defendant. This action is brought for disability discrimination, as allowed under the Americans with Disabilities Act of 1990. This action is also brought for felony tort, as well as disability discrimination retaliation under the Arkansas Civil Rights Act of 1993. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as well as supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367. Since the acts giving rise to this action arose within this Court's district, venue is proper under 28 U.S.C. §1391(b).

### GENERAL ALLEGATIONS OF FACT

1.　Plaintiff started working for the Defendant, an employer who employed several hundred employees within the State of Arkansas and across the nation in February, 2008.

2.　At all times relevant, Plaintiff performed his job satisfactorily.

1

3. While working for the Defendant, Plaintiff was injured.

4. Plaintiff timely filed a charge of discrimination, and received a determination attached hereto as Exhibit "A". Plaintiff files this action within ninety (90) days of receiving his Right-To-Sue letter.

5. As a result of his work related injury, Plaintiff was unable to work for an extended period of time, but he returned to work with restrictions.

6. Shortly after he returned to work, Plaintiff was terminated for alleged excessive absenteeism, but the real reason was the Plaintiff was terminated because he was, or was regarded as, a person with a disability, as well as the fact that he had filed a Workers' Compensation claim.

7. In any event, on November 20, 2008, Defendant advised Plaintiff that he could not work at the Defendant's place of business on medications. Plaintiff continued as an active employee until at least August of 2009, but Defendant refused to allow Plaintiff to return to work until he resolved the worker's compensation claim and the EEOC charge.

8. This policy is a policy that has a disparate impact upon persons with disability, as well as constitutes an unwarranted and illegal invasion to Plaintiff's right to privacy under the ADA, and the Genetic Information Nondiscrimination Act.

9. In any event, the EEOC determined that Plaintiff was placed on leave due to his disability and in retaliation for filing an EEOC Complaint.

## COUNT I

10. Plaintiff realleges the foregoing as if fully set out herein.

11. By virtue of the facts alleged herein, Defendant has failed to accommodate Plaintiff's disability, has discriminated against him on the basis of his real or perceived disability in violation of the ADA or the Arkansas Civil Rights Act, and has violated the Genetic Information Nondiscrimination Act.

2

12. Indeed, Defendant and Kratts has retaliated against the Plaintiff for filing an EEOC Complaint in violation of the ACRA.

13. Accordingly, as a direct and proximate cause of the Kratts and Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, and incurred other damages in an amount to be proven at trial, as well as lost wages, and lost fringe benefits.

14. Kratts and Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT II

16. Plaintiff realleges the foregoing as if fully set out herein.

17. Defendant has violated the Genetic Information Nondiscrimination Act of 2008, as herein alleged.

18. It is an unlawful employment practice for an employer to request, require, or purchase genetic information with respect to an employee or a family member of the employee, but this is precisely what Defendant has done.

19. Accordingly, as a direct and proximate cause of the Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, and incurred other damages in an amount to be proven at trial, as well as lost wages, and lost fringe benefits.

## COUNT III

20. Plaintiff realleges the foregoing as if fully set out herein.

21. Plaintiff filed a Workers' Compensation claim.

22. Under Arkansas law, interference with the filing of a Workers' Compensation claim may be a felony under ACA 11-9-107.

23.	By virtue of the facts alleged herein, Defendant has committed a felony, and Plaintiff is a victim within the meaning of ACA §16-118-107.

24.	As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered severe mental and emotion distress, and incurred other damages in an amount to be proven at trial.

25.	Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages, for punitive damages exceeding $75,000.00, for reinstatement or front pay, for all damages available under all causes of action alleged herein, for a trial by jury, for a reasonable attorney's fee, for costs, and and for all other proper relief.

Respectfully submitted,

HARRILL & SUTTER, PLLC
Attorneys at Law
P. O. Box 2012
Benton, AR 72018
501-315-1910/fax 501-315-1916

By: _____
Luther Oneal Sutter, Ark. Bar No. 95031

g:\doc\tate, james\cplt.doc

4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group:  (800) 669-4000
Intake Information Group TTY: (800) 669-6820
TTY (501) 324-5481
FAX (501) 324-5991

Charge Number: 493-2009-00642

James Tate
632 North 3rd St.                                    Charging Party
Paragould, AR 72450

Quebecor World
4708 Krueger Dr.                                     Respondent
Jonesboro, AR 72401

### DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charge filed under the Americans with Disabilities Act of 1990, as amended (ADA), and investigated under the Genetic Nondiscrimination Act of 2008 (GINA).

All other requirements for coverage have been met. Charging Party alleged that he was disciplined, placed on administrative leave and intimidated with threats of arrest because of his disability.

The evidence does not support Charging Party's allegations that he was disciplined or intimidated with threats of arrest because of his disability. However, the evidence does support that Charging Party was placed on administrative leave because he was regarded as disabled, and not allowed to return to work, in part, in retaliation for filing an EEOC Charge of discrimination.

Charging Party was employed as a Press Department Jogger. On or about December 15, 2008, Charging Party was told that he could not return to work due to the multiple medications he was taking. The evidence failed to demonstrate that the use of medications caused a direct threat. The Respondent's physician, Dr. Michael D. Lack informed the Charging Party that he could not return to work due the Charging Party taking multiple medications. Dr. Lack noted that use of multiple medications increased the "potential of impairment". Dr. Lack also noted that Charging Party was not allowed to return to work because of the "potential for accidents" and out of concern for his safety and the safety of other employees. Records show that the Charging Party's personal physician did not believe that the Charging Party's current medication in itself constituted a severity of functional impairment that would prevent Charging Party from performing his essential job duties. Similarly, Charging Party's doctor had not cited any symptoms or restrictions which would have prevented him from working.

Ex A.

Charging Party had also used the medications for a number of years and had not exhibited side effects from the drugs that affected his ability to work.

Also, a review of Charging Party's personnel and disciplinary records show no incidents wherein Charging Party's medical condition or his medications were "direct threats" to his safety or the safety of others. The pronouncement that the Charging Party's medications were a "potential threat" is speculative and is in direct contradiction to the assessments of the Charging Party's condition made by his doctor. There is reasonable cause to believe that Charging Party was not allowed to return to work because he was regarded as disabled in a broad range of jobs.

Furthermore, direct evidence from Arkansas Workers Compensation Hearing support that the Charging Party was prohibited from returning to work, in part, in retaliation for filing his EEOC charge. During the hearing held on August 14, 2009, Charlie Kratts, HR Manager, stated that Charging Party was an active employee on a leave of absence until the resolution of the workers' comp issue, and the EEOC charge. Therefore, it appears that the EEOC Charge was a factor in Charging Party's employment status.

In addition, Respondent's policies are in violation of the ADA and GINA. Specifically, Respondent's Drug/Alcohol Test Release requests that applicants or employees provide a list of medications they are taking prior to the completion of a drug test. Such a request should only be made in response to a positive drug test and is therefore a violation of ADA. Also, Respondent's Hearing Conversation Questionnaire and Medical History form violate GINA by asking questions about the health history of the employee's family members.

The ADA and GINA require that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it will endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion.

Having determined that there is reasonable cause to believe that violations have occurred, the Commission now invites Respondent and Charging Party to join with it in a collective effort toward a just resolution of these matters.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute and Section 1601.26 of the Commission's procedural regulations.

Determination - Charge No. 493-2009-00642                Page 3

If Respondent declines to enter into conciliation discussions, or the Commission's representative for any other reason is unable to secure an agreement acceptable to the Commission, I will so inform Respondent and Charging Party in writing of the court enforcement alternative available to Charging Party and the Commission.

On behalf of the Commission,

5-24-10
Date

Virginia Pollard/PB
Virginia Pollard
Acting Area Director

cc:  Michael Moschel, Attorney for Respondent