IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES TATE                                                                                           PLAINTIFF

v.                                         CASE NO. 3:10CV00296 BSM

QUAD/GRAPHICS INC.
CHARLIE KRATTS
DAVID MCCARTHY                                                                       DEFENDANTS

**ORDER**

Defendants Quad/Graphics, Inc. ("Quad"), Charlie Kratts, and David McCarthy move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss both the original and amended complaints filed by plaintiff James Tate for failure to state a claim [Doc. Nos. 12, 19, and 30] and Tate objects [Doc. Nos. 14, 21, and 31]. For the reasons set forth below, defendants' motions to dismiss are denied without prejudice. Tate is ordered to file a second amended complaint within 30 days of this order.

I. ALLEGATIONS

Tate has been employed by defendants since February 2008 and has been on administrative leave since December 15, 2008. Amended Complaint ¶¶ 1, 6. While working for defendants, Tate was injured and filed a worker's compensation claim. Amend. Compl. at ¶ 3. Tate was substantially limited in his ability to work after the injury and was unable to work for an extended period of time. *Id.* at ¶ 4. He eventually returned to work with restrictions on his work-related activities. *Id*. On December 15, 2008, defendants advised Tate that he could not work for them while taking medication prescribed for his injury. *Id*.

at ¶ 6. Tate filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 2. The EEOC determined that Tate was placed on administrative leave because he was regarded as disabled, and was not allowed to return to work partly in retaliation for filing an EEOC complaint. *Id.* at ¶ 8.

Tate filed suit seeking damages on November 22, 2010 [Doc. No. 1], alleging that: (1) defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark.Code Ann. § 16-123-101, by discriminating against him on the basis of his real or perceived disability and by retaliating against him for filing a charge of discrimination with the EEOC; (2) defendants violated the Genetic Information Nondiscrimination Act of 2008 ("GINA"), Pub. L. No. 110-233, 2008 HR 493, by requesting medical information from him; and (3) defendants have committed a felony tort by interfering with the filing of a worker's compensation claim under the Arkansas Workers' Compensation Act ("AWCA") Ark.Code Ann. § 11-9-107. Tate attached a copy of his EEOC determination to the complaint. Defendants moved to dismiss [Doc. No. 12] and Tate amended his complaint [Doc. No. 16]. Defendants amended their motion to dismiss [Doc. Nos. 19, 30].

## II.  MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations

contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiff need not prove specific facts in support of their allegations, but . . . must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

## III. DISCUSSION

A.  <u>Disability Discrimination Claims</u>

The motions to dismiss are denied without prejudice as to Tate's disability discrimination claims under the ADA and ACRA. The amended complaint fails to specify the basis of Tate's claims regarding his real or perceived disability. To establish these claims, the amended complaint improperly attempts to incorporate by reference the EEOC's determination letter which was attached to the original complaint. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re* Atlas Van Lines, Inc., 209 F. 3d 1064, 1067 (8th Cir. 2000) (citations omitted). In response to the motion to dismiss, Tate cites *Kramer v. Time Warner Inc.* for the proposition that "a district court must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated by reference[]" when considering a motion to dismiss. 937 F.2d 767 (2d Cir. 1991). This may be the case; however, the letter Tate relies on is not attached to the amended complaint and therefore *Kramer* is distinguished.

Although the amended complaint is technically insufficient, dismissal is not appropriate because there is sufficient information in the record indicating that, for purposes of this motion to dismiss, Tate has cognizable claims under the ADA and ACRA.  Therefore, Tate is ordered to file a second amended complaint correcting the deficiencies in the amended complaint within 30 days of this order.

B.      Genetic Information Nondiscrimination Act Claim

The motions to dismiss are denied as to Tate's claim under the GINA. Pub. L. No. 110-233, 2008 HR 493. Section 202(b)(1) of GINA states that "[i]t shall be an unlawful employment practice for an employer to request...genetic information with respect to an employee or a family member of the employee except where an employer inadvertently requests...family medical history of the employee or family member of the employee." Tate alleges that defendants have requested medical information with respect to him or his family members but relies solely on the EEOC letter to establish his claim. It is unclear whether Tate has a GINA claim but out of caution he is ordered to file a second amended complaint correcting the deficiencies in his GINA claim within 30 days of this order.  A failure to properly allege a GINA claim will result in dismissal of that claim.

C.      Arkansas Workers' Compensation Act Claim

The motions to dismiss are denied as to Tate's claim under the AWCA. Tate seeks damages, claiming that defendants interfered with the filing of his worker's compensation claim. Section 11-9-107(c) of the AWCA provides that any employer who obstructs or

impedes the filing of a worker's compensation claim "may also be guilty of a Class D felony." Further, Ark. Code. Ann. § 16-118-107 provides that any person injured or damaged by conduct "that would constitute a felony under Arkansas law may file a civil action to recover damages[.]" Although it is unclear whether defendants have either committed a felony or even impeded Tate's filing of a worker's compensation claim, Tate has sufficiently stated a claim. Therefore, defendants' motions to dismiss are denied as to this claim.

## IV. CONCLUSION

For all of these reasons, defendants' motions to dismiss [Doc. Nos. 12, 19, and 30] are denied without prejudice as to Tate's Americans with Disabilities Act, Arkansas Civil Rights Act, and Genetic Information Nondiscrimination Act claims and are denied as to his Arkansas Workers' Compensation Act claims. Tate is ordered to file a second amended complaint within 30 days of this order to correct the deficiencies in his amended complaint.

IT IS SO ORDERED this 19th day of September 2011.

_____
UNITED STATES DISTRICT JUDGE